## 41674. WILLIAMS v. THE STATE.

HALL, Judge. The defendant appeals from his conviction of burglary with intent to rape. On the trial the following evidence was presented: The defendant was apprehended at about 2:45 p.m. on the porch of a house occupied by two young women. He was attempting to open the doors and windows. When one of the occupants asked what he was doing there he mumbled something incomprehensible and continued trying to open the doors, kicking and lunging at them. One of the occupants cracked the glass in a door with the barrel of a gun. The defendant broke the glass out of the door with his fist and reached his hand inside toward the door knob. The occupant holding the gun said to the defendant that if he did that again she would shoot him. He put his hand through the door again and she shot him and he fell. When a man approached the defendant said, "Who is that?" and "Oh God." When other people arrived it was observed that the defendant had on a T shirt and shorts and his pants were on the other end of the porch from where he fell. The defendant had on no shoes, and a pair of shoes was found on the steps into the house. The screen door to the porch had been torn near the latch. *Held:*

Intent to rape is a necessary element of the crime for which the defendant was convicted. Accord *Dorsey v. State,* 108 Ga. 477 (34 SE 135); *Little v. State,* 42 Ga. App. 222, 224 (155 SE 352); *Horton v. State,* 74 Ga. App. 723, 725 (41 SE2d 278). The evidence presented in the instant case would authorize a jury to find that the defendant committed an offense against the State. However, the evidence does not establish an intent to rape with a greater degree of certainty than it establishes an intent to commit some other offense. Hence it was insufficient to establish the specific intent alleged in the indictment beyond a reasonable doubt. *Dorsey v. State,* 108 Ga. App. 477, 480, supra.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 5, 1966—DECIDED JANUARY 18, 1966.

*Kravitch, Garfunkel & Hendrix, Aaron Kravitch,* for appellant.

*Paul E. Caswell, Solicitor General,* for appellee.