## 29112. FIELDS v. THE STATE.

NICHOLS, Presiding Justice.

In September, 1972, the defendant was indicted for five counts of armed robbery, two counts of robbery by force, and one count of motor vehicle theft. Upon his trial he was found guilty of all eight counts and sentenced to five years imprisonment for each offense. The jury directed that the sentences be served consecutively. Thereafter, the present appeal was filed.

1. After the defendant was arrested, prior to indictment, one of the victims identified him as the person who had robbed him at gunpoint. This was a face-to-face confrontation in the police department and not a part of any lineup. The witness testified as to the robbery, how it occurred, how long he viewed the defendant and all the other circumstances surrounding such robbery. Under decisions exemplified by Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411), *Brand v. Wofford*, 230 Ga. 750 (199 SE2d 231), and similar cases, the failure to provide counsel for the defendant at such pre-indictment confrontation was not error and the admission of evidence by the victim during the trial of the case identifying the defendant as the person who committed the armed robbery was not error. The in-court identification was shown to have had an independent origin.

2. The second enumeration of error contends that the confession made by the defendant of one of the robberies was not corroborated by the evidence, and that therefore there was not sufficient evidence to warrant any conviction on such count.

"A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a conviction when cor-roborated by proof of the corpus delicti. *Davis v. State,* 211 Ga. 76 (3) (84 SE2d 46); *Gilder v. State,* 219 Ga. 495 (2) (133 SE2d 861); *Thompkins v. State,* 222 Ga. 420 (1) (151 SE2d 153)." *Lowe v. State,* 225 Ga. 56 (165 SE2d 861).

The victim of this robbery testified as to the fact of the robbery and that the defendant looked similar to one of the armed robbers. This evidence, together with the

evidence of the defendant's confession, authorized the jury's verdict as to this count of the indictment.

3. The fourth enumeration of error complains that the trial court did not charge, without request, the law of alibi.

"This court has upon many occasions ruled that it is not error to fail to charge on alibi when there is no request therefor and the only basis for alibi consists of a defendant's unsworn statement. *Wynes v. State,* 182 Ga. 434 (5) (185 SE 711); *Bagley v. State,* 212 Ga. 206 (3) (91 SE2d 506)." *Bryant v. State,* 229 Ga. 60, 62 (189 SE2d 435); *Hunt v. State,* 229 Ga. 869 (3) (195 SE2d 31). In the present case the defense of the alibi, if it was raised at all, was raised only in the defendant's unsworn statement, and there was no request to charge on such subject.

4. Enumeration of error numbered five contends that the trial court should have excluded evidence of the defendant's confession because the same was given while the defendant was under the influence of drugs.

The evidence did not show that the defendant was under the influence of drugs at the time the confession was made although it did show that he was exhibiting withdrawal symptoms at such time.

"The fact that appellant may have been a drug addict and undergoing withdrawal symptoms at the time of his confession would not, standing alone, compel a finding that his confession was involuntarily made." Robinson v. State, 3 Md. App. 666, 673 (240 A2d 638). The totality of the circumstances surrounding such confession must be viewed in order to determine its admissibility into evidence. The evidence here showed that the defendant was advised of his constitutional rights, that while he was showing some withdrawal symptoms he was not in bad shape and the confession was not the result of any promises nor because of the fear of threats. Under these circumstances the trial court did not err in failing to exclude this confession from evidence.

5. A review of the evidence adduced on this trial discloses that each verdict of guilty was authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents, and Ingram, J., who concurs in*

*the judgment only.*

SUBMITTED AUGUST 16, 1974 — DECIDED SEPTEMBER 6, 1974.

*Percy J. Blount,* for appellant.
*Richard Allen, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.