63195. MARLOWE v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of robbery by force in which an estimated $20,000-$25,000 in cash and jewelry was taken. He appeals, maintaining that a mistrial should have been granted when his character was allegedly placed in issue and that he was denied his right to effective assistance of counsel. Finding no merit to either of appellant's enumerations of error, we affirm his conviction.

1. On cross-examination, the victim of the robbery stated that appellant's mother, formerly employed by the victim, had never told her that appellant was on probation for another robbery. After the trial court denied the motion for mistrial which followed that testimony, the jury was instructed to disregard the remark.

Evidence which shows or tends to show that the defendant has

committed another crime independent of the offense for which he is on trial is irrelevant and inadmissible. *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185). However, the trial court's immediate instruction to the jury to disregard the somewhat unresponsive remark (which had not been elicited by any question propounded on the state's behalf) was sufficient to correct any harm. *Lee v. State,* 239 Ga. 769 (5) (238 SE2d 852); *Cross v. State,* 136 Ga. App. 400, 403 (221 SE2d 615).

Appellant cites other purported examples of impermissible character testimony allowed at trial and complains that no mistrial was granted at its admission. The most likely reason for such inaction on the part of the trial court is the lack of a motion for a mistrial. Since the issue was not raised at trial, nothing has been preserved for review by this court. *Stripling v. State,* 155 Ga. App. 636 (3) (271 SE2d 888).

2. In support of his assertion that his trial counsel was ineffective, appellant contends that the attorney voiced only one objection throughout the trial and made little effort to impeach appellant's co-indictee who testified for the state. In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515), the Supreme Court adopted the following standard to determine the effectiveness of counsel: "We interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance." Id., p. 639. See also *Alderman v. State,* 241 Ga. 496, 511 (246 SE2d 642). After reviewing the record in the present case, we note that trial counsel in fact raised more than one objection during the proceeding and was more than adequate in his cross-examination of the co-indictee and in his overall representation of appellant. We conclude that appellant was not denied his right to effective assistance of counsel, and there was no error in the denial of the motion for new trial based on that ground.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 6, 1982.

*H. W. Roberts,* for appellant.
*Robert E. Keller, District Attorney, Mary Jane Stewart, Assistant District Attorney,* for appellee.