## 68177. MAYNARD v. THE STATE.

BENHAM, Judge.

Appellant brings this appeal from his conviction of four counts of child molestation and raises three enumerations of error.

1. Appellant contends that the trial court's failure to examine the victim's competency to testify after she had been subjected to direct, cross, and redirect examination by counsel constitutes reversible error. We disagree.

OCGA § 24-9-7 (b) states: "If an objection to competency is known, it shall be taken before the witness is examined at all." Appellant did not object when the assistant district attorney called the seven-year-old girl to the witness stand, nor did he seek to have the trial court examine her after the assistant district attorney completed the preliminary qualifying questions. After the witness was excused from the stand, appellant moved that her testimony be excluded from the record due to her alleged incompetency.

The child testified on direct and cross-examination that she knew right from wrong and that she had to tell the truth when she was in court. Although she said she did not know the meaning of the word "oath," there was sufficient evidence for the trial court to determine that the child met the standard of intelligence required to qualify her as a witness. See *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981).

"The decision of the trial court regarding capacity will not be reversed except for a manifest abuse of discretion." *Thomas v. State*, 168 Ga. App. 587, 588 (3) (309 SE2d 881) (1983), citing *Edwards v. State*, 226 Ga. 811, 812 (177 SE2d 668) (1970); *Lashley v. State*, 132 Ga. App. 427, 429 (208 SE2d 200) (1974). We find no such abuse here.

2. Appellant's second enumeration of error is based on the trial court's failure to charge the jury that it was obliged to consider the age of the child witnesses in judging their credibility. Appellant did not submit a written request to charge on the credibility or competency of the witnesses, and stated that he had no exceptions to the jury charge at its close when so asked by the court.

In the absence of a written request, the trial judge does not ordinarily charge the jury concerning the witnesses' competency, and it is never error for the judge to omit to instruct the jury concerning credibility of a witness. *Whitus v. State*, 222 Ga. 103, 111 (149 SE2d 130) (1966), revd. on other grounds, 385 U. S. 545 (87 SC 643, 17 LE2d 599) (1967).

Because appellant stated that he had no exceptions when the court made inquiry, he waived his right to raise the issue on appeal. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). While it is true that this court shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether or not objection was made (OCGA § 5-5-24 (c)), appellant has not shown that the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. *Dendy v. MARTA*, 163 Ga. App. 213, 219 (293 SE2d 372) (1982), revd. on other grounds, 250 Ga. 538 (299 SE2d 876) (1983); *Simmons v. Edge*, 155 Ga. App. 6, 9 (270 SE2d 457) (1980); *Foskey v. State*, 116 Ga. App. 334 (2) (157 SE2d 314) (1967). There is no merit to appellant's contention.

3. The last enumeration of error concerns the trial court's restriction of appellant's counsel's closing argument. The court sustained the assistant district attorney's objection to counsel's mention of his grandchildren during his argument. Counsel was instructed to confine his comments to the evidence presented at trial and how it affected appellant.

Although counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, the range of such comments is discretionary with the trial judge. *Ray v. State*, 157 Ga. App. 519 (277 SE2d 804) (1981). It was within the scope of discretion for the trial court to so restrict counsel.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 25, 1984 —
REHEARING DENIED JULY 12, 1984 — 

*J. Curtis Hanks*, for appellant.
*W. Bryant Huff*, District Attorney, *Genevieve L. Frazier, Daniel J. Porter*, Assistant District Attorneys, for appellee.