## 72109. BARNETT v. THE STATE.
(344 SE2d 665)

DEEN, Presiding Judge.

Samuel F. Barnett was convicted of aggravated assault on a peace officer and was sentenced to serve ten years in a state penal institution. The evidence showed that a deputy sheriff went to Barnett's home to serve a juvenile court order. An altercation occurred when Barnett's wife grabbed some papers from the deputy's hand and he grabbed them back. Mrs. Barnett began to yell, "He hit me!" Appellant came around the corner of the house, heard his wife screaming, went inside the house and returned with a screwdriver in his hand. He either pointed or swung the screwdriver at the deputy and threatened him. The deputy drew his gun, and appellant retreated. Barnett appeals, following the denial of his motion for a new trial.

1. Barnett contends that the trial court erred in failing to charge the jury not to consider in their deliberations his general character or conduct in transactions other than that for which he was on trial.

The evidence showed that a Department of Family and Children Services caseworker accompanied the deputy to the Barnett residence, but remained in the car while the deputy served the papers because she had been previously ordered off the property by Barnett. She testified extensively as to appellant's general character and eccentric lifestyle without objection. While the testimony that the caseworker accompanied the deputy to the Barnetts to facilitate service was admissible as background information to explain why the deputy was on the premises when the assault occurred, her testimony as to Barnett's character and lifestyle was wholly irrelevant because none of it dealt with the specific act for which appellant was tried. Moreover, the caseworker did not witness the assault because she remained in the deputy's car. Her testimony includes allegations that he committed sexual offenses against his daughter and physical abuse against his children, kept his family living in primitive conditions, and allowed goats and other animals to roam freely through the family's living quarters and the children's sleeping quarters; and that his daughter ran away from home to escape his abusive treatment of her. Defense counsel objected only twice: once to testimony about the daughter's emotional problems, and a second time to the caseworker's testimony that she had shown letters Barnett had written his daughter to a psychologist for analysis and he found that the accused could be very dangerous. Objection to this latter testimony was made only after the testimony was given. Appellant's counsel on appeal argues that the caseworker's unobjected-to extensive testimony was highly prejudicial and that the trial court, absent a request, should have included in its charge to the jury an instruction to disregard the testimony of his general character or his conduct in other transactions

which were totally unrelated to the act for which he was being tried.

The admission into evidence of other crimes, wholly independent of that for which the defendant is on trial, is error. *Riggins v. Stynchcombe*, 231 Ga. 589 (203 SE2d 208) (1974). The facts in this case do not bring it within any of the exceptions to the general rule. *Rich v. State*, 254 Ga. 11, 13 (325 SE2d 761) (1985); *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983). The jury in determining the guilt or innocence of an accused with respect to the offense charged should be blind to the character, station in life and prior conduct of the accused unless he voluntarily inserts these issues into his trial. *Riggins v. Stynchcombe*, supra. A defendant, however, may voluntarily waive his right not to have his character placed in issue, by failing to object to such evidence. See *Rich v. State*, supra; *Ingram v. State*, 253 Ga. 622 (4) (323 SE2d 801) (1984).

Counsel for appellant, however, argues that under OCGA § 24-2-1, "[t]estimony totally irrelevant or immaterial, but which is calculated to arouse prejudice or passion against the accused, should not be admitted into evidence," and that while trial counsel failed to object to the testimony when presented and made no objection to the trial court's charge or failure to instruct the jury at all concerning this testimony, this court should grant appellant a new trial under OCGA § 5-5-24 (c), which permits this court to review charges "where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." *Maynard v. State*, 171 Ga. App. 605 (320 SE2d 806) (1984).

In *Maynard v. State*, supra at 606, this court found that appellant had not shown that "the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. See also *Dendy v. MARTA*, 163 Ga. App. 213, 219 (293 SE2d 372) (1982), rev'd on other grounds, 250 Ga. 538 (299 SE2d 876) (1983); *Simmons v. Edge*, 155 Ga. App. 6, 9 (270 SE2d 457) (1980); *Foskey v. State*, 116 Ga. App. 334 (2) (157 SE2d 314) (1967)."

After reviewing the transcript, we can only conclude that the trial court's failure to instruct the jury to disregard the testimony of appellant's general character or conduct in other transactions was an error which was so "blatantly apparent" and "highly prejudicial" as to deprive him of his right to a fair trial. Indeed, the caseworker's testimony of sexual and physical child abuse and neglect was so inflammatory as to guarantee his conviction on the aggravated assault charge.

2. In his remaining enumeration of error, appellant contends that the state failed to prove guilt beyond a reasonable doubt. The state established the elements of the crime through the deputy's testimony, but whether it was proved beyond a reasonable doubt is a matter for

jury determination. For the reasons set forth in Division 1, this matter can be determined on the retrial of the case.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*Lynn W. Wilson,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.