## 77549. CHRISTOPHER v. THE STATE.
## 77550. ADAMS v. THE STATE.
### (379 SE2d 205)

POPE, Judge.

Defendants in these two related cases were indicted for trafficking in cocaine and possession of marijuana with intent to distribute after a search of defendant Ethel Christopher's house and the automobiles parked in the garage, conducted pursuant to a search warrant, yielded contraband and other evidence. Defendants were tried separately and defendant Willie Frank Adams was convicted of both offenses and defendant Ethel Christopher was convicted of trafficking in cocaine.

### Case No. 77549

1. Defendant Ethel Christopher argues the court erred in denying her motion to suppress evidence seized in the search of her house because the search warrant was issued without sufficient probable cause and because the search exceeded the scope of the warrant.

The transcript of the hearing on defendant's motion to suppress shows that the officer affiant presented the magistrate with the following evidence: The informant was not anonymous but met with the affiant on more than one occasion. The informant was a relative of defendant Adams. The informant gave information against his own penal interests by admitting that he had purchased cocaine and marijuana from defendant Adams at defendant Christopher's house within the month preceding the issuance of the warrant and that on a previous occasion he had traveled with Adams to Florida to transport cocaine back to Georgia. The day before the warrant was issued, the informant was told by another relative of defendant Adams that Adams had left for Florida to pick up a load of marijuana. Afterwards, the informant had seen a motor home parked at Christopher's house and had seen garbage bags being unloaded from the vehicle similar to the bags from which Adams had sold the informant cocaine. The affiant himself had observed a motor home parked at Christopher's house. He was able to corroborate from his personal knowledge other information given by the informant.

The United States Supreme Court has held that probable cause to issue a warrant is to be determined in light of the totality of the circumstances made known to the issuing magistrate. See *Massachusetts v. Upton*, 466 U. S. 727 (104 SC 2085, 80 LE2d 721) (1984); *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). "Utilizing this standard of review . . . we find that the information, viewed as a whole, provided a substantial basis for the magistrate's finding of probable cause to believe that contraband was located on

the premises." *Borders v. State*, 173 Ga. App. 110, 112 (325 SE2d 626) (1984).

Defendant's reliance upon *State v. Brown*, 186 Ga. App. 155 (2) (366 SE2d 816) (1988), is misplaced. In that case, the magistrate was given nothing other than the affiant's conclusory statement that the anonymous tipster was a "concerned citizen." Here, the tipster was not anonymous and specific examples were given whereby the affiant had corroborated information given to him by the informant.

We also reject defendant's argument that the searching officers exceeded the scope of the warrant by seizing firearms, money, food stamps, scales and jewelry. The affidavit presented to the magistrate showed that the informant stated that numerous automatic or semi-automatic weapons were kept on the premises to be searched. The search warrant recited that the affiant had shown reason to believe that cocaine and marijuana were located on the premises; it did not restrict the search to these particular items. The additional items seized in the search were reasonably related to the search and were, in fact, admitted at trial as circumstantial evidence.

2. Defendant also argues her conviction should be reversed because the trial court erred by instructing the jury that she could be convicted upon a finding of actual or constructive possession of contraband. Pursuant to the statute which was in effect at the time defendant was charged, the offense of trafficking in cocaine required actual possession. See OCGA § 16-13-31 (a) (1) (prior to amendment effective March 28, 1988). Thus, in *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), the Georgia Supreme Court held it was erronous to charge in a cocaine trafficking case that the defendant could be convicted upon a finding that the defendant had actual *or* constructive possession. The legislature acted swiftly to amend OCGA § 16-13-31 (a) by deleting the word "actual" before the word "possession," but that amendment, effective March 28, 1988, is an ex post facto law insofar as our consideration of this appeal is concerned. In the case now before us, defendant was charged with both trafficking in cocaine and possession of marijuana. Moreover, defendant had requested a charge on the lesser included offense of possession of cocaine. Because it was necessary for the court to charge different types of possession for the two different counts, it was not improper for the court to define the distinction between the two types of possession so long as the court charged that the statute governing the cocaine count specified actual possession. *Partridge v. State*, 187 Ga. App. 325 (5) (370 SE2d 173) (1988).

In the case now before us, the court recited to the jury the pertinent portion of the statute setting forth the offense of trafficking in cocaine, including the language stating that the defendant must be "knowingly in actual possession." After giving the definitions of ac-

tual and constructive possession, the court stated near the end of the instruction: "You, the jury, would be authorized to convict only if you find, beyond a reasonable doubt, that the defendant knowingly had either actual or constructive possession, that is either alone or jointly with others, of the contraband in question." Here, two different types of contraband were in question in two different counts requiring two different types of possession for conviction.[1] We find a substantial likelihood that the instruction could have been interpreted by the jury as authorizing a conviction for trafficking in cocaine on a finding of mere constructive possession. Therefore, we must reverse defendant's conviction.

## Case No. 77550

1. Defendant Willie Frank Adams first argues the evidence was insufficient to support a conviction. The evidence revealed that cocaine, marijuana, cash, jewelry and drug-related paraphernalia such as scales were found in various rooms of a house belonging to Ethel Christopher. Defendant Adams was inside the house when the authorities arrived to conduct the search. At the time defendant was charged, conviction of trafficking in cocaine required proof of actual possession by the defendant. OCGA § 16-13-31 (a) (1) (prior to amendment effective March 28, 1988); Lockwood v. State, 257 Ga. 796, supra. Defendant argues his mere presence at the house is insufficient to establish that he had actual possession of the contraband found in it.

However, far more than mere presence at the scene of the crime was shown by the evidence presented at trial. When first seen by one of the agents conducting the search, defendant was holding a clear plastic bag in his hand containing a white substance. When defendant saw the agent at the front door, he fled to the back of the house. When arrested at the residence, the appellant had in his wallet $2,143.00 in cash. Precisely the same amount of cash was found in a dresser drawer in the master bedroom. At the time defendant was arrested, a piece of paper was found in his wallet bearing notations which appeared to relate to a drug transaction. Defendant's driver's license showed his address to be that of the residence where the contraband was found. When interviewed after his arrest, defendant stated he lived at the residence half of the time and gave the phone number of that residence as his own. The garage at the residence had

---

[1] We do not interpret the holding in Lockwood v. State, 257 Ga. 796 (364 SE2d 574) (1988), however, to preclude conviction for trafficking in cocaine upon either OCGA § 16-2-20 (party to a crime) or a theory of conspiracy. See Chews v. State, 187 Ga. App. 600, 606 (371 SE2d 124) (1988) (Pope, J., concurring specially).

a specially designated parking place for defendant's automobile. Defendant's clothing was found in the dresser drawer in the master bedroom and defendant's boots were found in the closet next to a safe containing numerous pieces of jewelry and over $10,000 in cash. The owner of the residence, Ethel Christopher, was the mother of defendant's child. Defendant kept hogs on the property. Defendant was previously convicted in New Jersey on a guilty plea for possession of cocaine and possession of cocaine with intent to distribute. A small quantity of marijuana was found in an automobile driven by defendant. Thus, sufficient evidence was presented whereby the jury could conclude that defendant either had actual physical possession of the contraband or else that defendant aided and abetted in the crimes charged. See *Barrett v. State*, 183 Ga. App. 729 (2) (360 SE2d 400) (1987); *Latimer v. State*, 134 Ga. App. 372 (2) (214 SE2d 390) (1975). We find the evidence was sufficient to authorize a reasonable juror to find defendant guilty beyond a reasonable doubt.

2. Defendant argues the trial court erred in admitting evidence of his prior convictions in New Jersey of possession of cocaine and possession of cocaine with intent to distribute. "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Baxter v. State*, 160 Ga. App. 181, 184 (286 SE2d 460) (1981). The exemplified New Jersey sentence was against "Willie Kendrick, defendant a/k/a Willie Frank Adams." The State's witness established that the previous conviction was discovered when a copy of defendant's fingerprints was sent to the FBI for analysis. Thus, we reject defendant's argument that the State failed to establish that the defendant in this case was the individual convicted of the previous offense. We also find a sufficient similarity between the independent crime and the offense charged for it to be admissible to show bent of mind or course of conduct. See *Hicks v. State*, 232 Ga. 393, 396-97 (207 SE2d 30) (1974); *Gunter v. State*, 223 Ga. 290 (4) (154 SE2d 608) (1967).

3. The State presented evidence that after his arrest defendant gave as his home phone number the number of the residence where he was arrested. Defendant argues this testimony should have been excluded pursuant to OCGA § 17-7-210 (c) because defendant's statement concerning his phone number was not supplied to counsel pursuant to defendant's timely request. However, it appears defendant's counsel was informed that defendant had stated he lived at the residence in question half the time and that statement was properly admitted into evidence. Thus, defendant's statement concerning his

home telephone number was merely cumulative of other statements concerning defendant's residence address. When determining whether testimony concerning defendant's inculpatory in-custody statement was improperly admitted, the appellate court must consider the statement in the context of the entire record. See *Wallin v. State*, 248 Ga. 29 (5) (279 SE2d 687) (1981). Because other statements by defendant concerning his residence address were already properly admitted in evidence, we find the admission of the statement concerning defendant's telephone number was harmless error.

4. A sheriff's deputy testified that he knew defendant resided at the residence in question because "On numerous occasions from having passed there, I've seen [defendant's automobiles], from talking with people on the street as far as having people tell where, you know, he lived, and other officers being aware." Defendant argues the court erred in overruling his objection to the deputy's testimony on the ground it contained hearsay. First, we note that the objectionable statement was made to establish the foundation for the witness' belief that defendant resided at the house in question. Thus, the fact that the witness had been told that defendant lived there would relate to the weight to be given by the jury to defendant's opinion. Even if the testimony concerning what the witness had been told should have been excluded as hearsay, we find it to be harmless error since the witness testified that his opinion was based not only on what others had told him but also on his own observations.

5. Finally, defendant argues the court erred in allowing the State to present character evidence. In fact, the record shows the court prohibited the State from introducing character evidence to impeach defendant's assertion that he did not use drugs. Evidence of defendant's prior conviction was not admitted as character evidence but was properly admitted as evidence showing bent of mind or course of conduct.

6. Defendant Adams did not raise as error the court's charge on the element of possession. However, a review of the record reveals that a similar error in the charge was made at the trial of defendant Adams as was made at the trial of defendant Christopher. (See Division 2 of Case No. 77549). As in *Christopher*, the court recited to the jury the pertinent portion of the statute setting forth the offense of trafficking in cocaine, including the language stating that the defendant must be "knowingly in actual possession." After giving the definitions of actual and constructive possession, the court stated: "You, the jury, would be authorized to convict only if you should find beyond a reasonable doubt that the defendant knowingly had actual or constructive possession either alone or jointly with others." Because we find the instruction was substantially in error and was harmful as a matter of law, we are required by OCGA § 5-5-24 (c) to consider the

error even though an objection was not made by the defendant. For the same reasons set forth in Division 2 of the *Christopher* case, above, the instruction constitutes reversible error as to the conviction for trafficking in cocaine. This error does not require the reversal of the conviction for possession of marijuana with intent to distribute since possession sufficient to sustain a conviction pursuant to OCGA § 16-13-30 (b) may be either actual or constructive. *Hadden v. State*, 181 Ga. App. 628 (1) (353 SE2d 532) (1987).

*Judgment reversed in Case No. 77549; judgment reversed in part and affirmed in part in Case No. 77550. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Richard E. Thomas*, for appellant (case no. 77549).

*Wright & Wright, G. Russell Wright*, for appellant (case no. 77550).

*John C. Pridgen, District Attorney*, for appellee.