A89A0654. PHELPS v. THE STATE.
(384 SE2d 260)

BIRDSONG, Judge.

Anthony Gene Phelps appeals his conviction of burglary with the intent to commit rape.

Late in the evening, a man entered the trailer home of one of Phelps' neighbors. At the time, the neighbor and her young son were home. The son was in his bedroom and the mother was in her bedroom nude, reading in bed. She saw the intruder in her bedroom doorway and began screaming. The man forced her back on the bed and pinned her down. They struggled and the woman repeatedly hit the man on the head with her telephone. Finally the intruder left.

During the time he was in the room, the man did not say anything, did not grab the victim's private parts, and did not start to remove his clothes.

The victim described the person who entered her bedroom as a white male, 19-20 years old, with shoulder length blond hair parted in the middle. He was wearing beige jeans and had a pinkish-red rag over his face. Based upon the description, the police prepared a composite drawing of the suspect. Through the composite, appellant was initially identified as a suspect, and then was picked out in a photo line-up by the victim.

At trial the State relied on the testimony of the victim and expert

witnesses from the GBI crime lab. The State also introduced, pursuant to appellant's stipulation, evidence that he had "failed" a polygraph examination conducted by the police. Appellant was not permitted, however, to present evidence that he earlier had "passed" a private polygraph examination, because that was not part of the stipulation.

Appellant and his pregnant wife both testified that he did not enter the victim's trailer and that during the time in question, he was at home. They also testified that the wife was having severe labor pains during this time. Appellant called two witnesses he sought to have declared experts by the trial court. Although the lower court permitted the witnesses to testify and state their opinions, the trial judge refused to declare the witnesses experts. The trial court, however, did so declare the two expert witnesses from the GBI crime lab.

After the case was submitted to the jury and the jury had deliberated for some time, the jury requested copies of the transcripts of certain witnesses' testimony and asked questions concerning some of the evidence they had heard. After receiving responses to some of these questions, the jury returned to their deliberations until they sent a note which stated in part that they were "deadlocked, fifty-fifty. . . ." At that time the court gave an *"Allen* Charge" and sent the jury back for further deliberations. The next communication from the jury advised that the jury was still deadlocked. The jury went home overnight, and in the morning, they returned for further deliberations and then convicted the appellant. He was sentenced to ten years in prison on June 23, 1985. A timely motion for new trial was filed, and the motion for new trial was finally denied on October 18, 1988. This appeal followed.

Appellant enumerated ten errors, including the failure of the trial court to define the crime of rape in its charge; the failure of the trial court to charge that to convict the jury must find that appellant specifically intended to commit rape; the refusal of the trial court to qualify his witnesses as experts; that the trial court prohibited references to the private polygraph, that appellant's first counsel did not render reasonably effective assistance of counsel; and that the verdict is not supported by the evidence. In view of our disposition of the first enumeration of error, we need not discuss in detail all the enumerations. *Held:*

1. Appellant's first enumeration attacks the trial court's charge to the jury. The State maintains that we should not consider this enumeration because it is raised here for the first time and was not part of appellant's new trial motion. The trial transcript reveals that, when asked by the trial judge whether he had objections to the charge, appellant's trial counsel stated: "We wish to take exception to the charge and would like to reserve our right to specify those exceptions

at the time of motion for a new trial, should [that] be necessary." The record shows that the motion for new trial did not specify the grounds asserted in appellant's first enumeration of error.

Assuming without deciding, that the failure to raise the error in the motion for new trial was a waiver, we must still consider the first enumeration as it attacks the charge to the jury on a defect in the essential elements of the offense alleged in the indictment. Substantial errors in the charge on the essential elements are usually harmful as a matter of law so as to invoke OCGA § 5-5-24 (c). *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547). We have jurisdiction to consider this matter. OCGA § 5-6-34 (d).

The entire charge on the elements of burglary was as follows: "Now, I charge you that to constitute the offense of burglary, it is not necessary that it be shown that a break-in occurred *or that an actual theft occurred.* Our law says, under Code Section 16-7-1 — it provides that a person commits the offense of burglary when, without authority, he enters any . . . dwelling house of another or into any room or part thereof with the intent to commit a felony therein. The offense of rape constitutes a felony under our law." (Emphasis supplied.)

The court also charged that it was not necessary that the alleged felony actually occur and that it was only necessary that the evidence show beyond a reasonable doubt that the accused entered with the intent to commit the felony. The crime of rape was not defined in the charge and the jury was never specifically instructed that to convict the accused of the burglary they must find beyond a reasonable doubt that he specifically intended to commit the crime of rape.

The court charges that the State must prove "each and every material allegation contained in the indictment and each and every element of the offense charged beyond a reasonable doubt" before the jury would be authorized to convict. The jury was also charged that a "crime is a violation of a statute of this state in which there shall be a union or joint operation of act or omission to act and intention or *criminal negligence* . . ." (emphasis supplied), and further that intent is an essential element of any case and the State must prove the intent beyond a reasonable doubt.

The failure to define the elements of rape in the charge was error. " '(It) is the duty of the judge, with or without request, to give the jury an appropriate instruction as to the law on each substantive point of issue involved in (a) case' so as to enable the jury to judiciously decide the guilt or innocence of a defendant. [Cits.] As defendant's intention to rape was an essential element of the crime with which he was charged (see *Williams v. State*, 112 Ga. App. 894 (147 SE2d 50)), the court's failure to legally define rape constitutes reversible error." *Powers v. State*, 150 Ga. App. 25, 26 (256 SE2d 637). Ac-

cord *Turner v. State*, 178 Ga. App. 888, 890 (345 SE2d 99).

The trial court's failure to define the elements of rape is compounded by the gratuitous reference in the charge to irrelevant matters such as whether "an actual theft occurred" and "criminal negligence." We cannot know what import if any the jury may have given to such statements in the absence of a proper charge defining the elements of rape. Further, "[t]he crime of rape is defined and limited under [OCGA § 16-6-1]. We will not presume, in the absence of a proper instruction from the court, that a jury is cognizant of the legal definition of rape and will apply the appropriate legal standard in determining whether the defendant had the specific intention to commit rape." *Powers v. State*, supra.

Therefore, we conclude that without a proper instruction on the definition of the elements of rape, the charge was substantially in error, was harmful as a matter of law, and that appellant was deprived of his right to a fair trial. *Barnett v. State*, 178 Ga. App. 685, 686 (344 SE2d 665). Accordingly, we are required by OCGA § 5-5-24 (c) to consider the error, *Christopher v. State*, 190 Ga. App. 393, 397 (379 SE2d 205); *Laney v. State*, 184 Ga. App. 463 (361 SE2d 841); *Gaines v. State*, 177 Ga. App. 795, 800 (341 SE2d 252) (physical precedent only), and we must reverse and order a new trial.

2. In view of our disposition of the matters asserted in the first and second enumerations of error in Division 1 above, we need not consider the other errors enumerated.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1989.

*Lenzer & Lenzer, Thomas P. Lenzer*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.