## A90A1843. SHAVER v. THE STATE.
### (405 SE2d 281)

ANDREWS, Judge.

Shaver was convicted of one count of child molestation and one count of aggravated child molestation, both against his four-year-old son. He appeals the judgment entered on the convictions.

The convictions were based on testimony from the mother of the victim and two investigative officers, who repeated out-of-court statements made to them by the victim describing the acts of molestation. Additionally, one of the officers testified to statements made to her by Shaver confessing that he committed the acts of molestation.

1. In his first three enumerations of error, Shaver contends this evidence was inadmissible, lacked probative value, and was therefore insufficient to sustain the convictions.

The state offered the hearsay testimony regarding the victim's out-of-court statements pursuant to the exception created in OCGA § 24-3-16 (the Child Hearsay Statute), under which these statements in a child molestation case are admissible "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." A child is considered "available to testify" under OCGA § 24-3-16 only if he is competent to testify within the meaning of OCGA § 24-9-5.[1] *In the*

---

[1] The offenses alleged in this case took place prior to the effective date of the 1989

*Interest of K. T. B.*, 192 Ga. App. 132 (384 SE2d 231) (1989); *Ward v. State*, 186 Ga. App. 503 (368 SE2d 139) (1988). After the defendant expressed his desire to have the victim called as a witness *(Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987)), a hearing was held to determine the child's competency in which the victim, who was four years old at the time of trial, refused to testify and otherwise failed to qualify as a competent witness. Accordingly, the hearsay testimony was not admissible under OCGA § 24-3-16.

Nor do we find this hearsay testimony admissible under any other applicable exception. By relying on *Idaho v. Wright*, 497 U. S. ___ (110 SC 3139, 111 LE2d 638) (1990), (under totality of circumstances test, court found that out-of-court statements of child unavailable as witness, lacked sufficient guarantees of trustworthiness, so inadmissible for Confrontation Clause purposes), and comparing the *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980) and *Glisson v. State*, 188 Ga. App. 152, 155 (372 SE2d 462) (1988) cases, the dissent apparently suggests that the out-of-court statements are admissible under the necessity exception to the hearsay rule. OCGA § 24-3-1 (b). The necessity exception most commonly applies when the out-of-court declarant is unavailable to testify because of death or the exercise of a privilege not to testify *(Glisson*, supra at 154), and the circumstances surrounding the statement provide a guaranty of trustworthiness. *Higgs v. State*, 256 Ga. 606, 607-609 (351 SE2d 448) (1987).

Here the victim was unavailable because he failed to qualify as a competent witness. Moreover, former OCGA § 24-3-16 (the Child Hearsay Statute as it applied prior to the 1989 amendment to OCGA § 24-9-5) set out the exception to the hearsay rule directly applicable here, and provided no exception for admission of these statements where the child is unavailable because he is not competent to testify. *In the Interest of K. T. B.*, supra. "Only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule may be admitted.'" (Citations and punctuation omitted.) *Adams v. State*, 191 Ga. App. 16, 17 (381 SE2d 69) (1989). Under these circumstances the victim's out-of-court statements fail to demonstrate sufficient indicia of reliability to qualify for the necessity exception. The incompetence of the witness cannot be avoided by presenting his testimony through the mouths of others.

Even though Shaver failed to object to admission of the hearsay, it can provide no basis for the convictions. "[H]earsay evidence has no probative value even if it is admitted without objection." *Germany*

---

amendment to OCGA § 24-9-5, which provided that any child is competent to testify in a child molestation case; thus former OCGA § 24-9-5 applies, requiring that the child qualify as a competent witness.

*v. State*, 235 Ga. 836, 840 (221 SE2d 817) (1976); *Collins v. State*, 146 Ga. App. 857, 859-860 (247 SE2d 602) (1978).

Since the hearsay lacks any probative value, it cannot provide the material evidence necessary to corroborate the defendant's confession, which, without such corroboration, is unsufficient to support the convictions. *Brown v. State*, 253 Ga. 363, 364 (320 SE2d 539) (1984); OCGA § 24-3-53. The argument that the hearsay is rendered trustworthy and admissible because corroborated by the defendant's confessions, while the confessions are simultaneously corroborated by the hearsay is unpersuasive. This would sanction admission of otherwise unreliable evidence by mutual bootstrapping. See *Idaho v. Wright*, supra, 111 LE2d at 656-657 (rejecting attempt to bolster inherently unreliable hearsay by reference to other corroborating evidence).

Without the hearsay and uncorroborated confession, there was a lack of sufficient evidence to sustain the convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In view of the conclusions reached in Division 1, we need not address the defendant's remaining enumerations of error.

*Judgment reversed. Sognier, C. J., Banke, P. J., Birdsong, P. J., Carley, Pope and Cooper, JJ., concur. McMurray, P. J., and Beasley, J., dissent.*

BEASLEY, Judge, dissenting.

Three witnesses gave unobjected-to testimony concerning out-of-court statements made to them by the victim.

Elizabeth Kelly Shaver is appellant's ex-wife. The child was born to them on August 14, 1984. At the time of the trial, he was age four.

The mother testified that she divorced appellant on April 8, 1988. In July, the boy stated that his father had played with the boy's penis during a weekend visit. In October of 1988, the child was sitting at the breakfast table playing with his penis. After the witness reprimanded him for what he was doing, he said, "Pee and come comes from my penis and Daddy comes on me all the time." The witness then asked her son whether his father had done anything else. "He said that he took his penis in his mouth and moved up and down. He said that he peed on him. He said that he looked at magazines or books and played with him — and David played with himself and then came on [the child]."

The witness reported this to a child protective services investigator with the Glynn County Department of Family & Children's Services. Because of allegations of sexual abuse, the investigator contacted a county police detective.

The investigator interviewed the boy in the presence of the detective, as well as the boy's mother and sister. The child stated that appellant had sucked his penis, as well as masturbated and ejaculated

onto the child's genital area. He illustrated these acts by reference to anatomical drawings.

The investigator also testified that he interviewed appellant, who "indicated to me that he did suck on his son's penis. He also admitted to masturbating and ejaculating onto his son. He stated that he would kiss his son all over to show affection for his child because he believed his child was suffering emotionally as a result of the divorce and separation from him."

The detective arrested appellant on October 29, 1988. After the trial court conducted a *Jackson-Denno* hearing and determined that appellant's statements to the investigator were admissible, she testified that appellant told her that "something had happened sexually between he (sic) and his son three times, the last time being at the Sands Motel. He said that he masturbated, that he ejaculated onto [his son's] genitals. He said that he plays with [his son] and that he kisses him all over and that he has kissed his penis, has put [the boy's] penis in his mouth. He said that [the boy] has put his mouth on his penis also." He said that, "he didn't feel like he should have to go to jail for what's happened between him and his son. He said that ever since the divorce . . . that he has drawn closer and closer to [his son]. He said that the family problems have caused this and that this was a way for him to get as close to [his son] as he could be."

The prosecuting attorney stated to the trial court that the testimony of these witnesses had been elicited under the provisions of the Child Hearsay Statute, OCGA § 24-3-16, and was pursuant to the procedure outlined in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

The court asked if either party wished to have the child called as a witness. After conferring with appellant, defense counsel stated, "My client feels that's his only salvation is perhaps the child would recant his testimony." The child was then called as a witness and questioned outside the presence of the jury. He repeatedly stated that he did not want to testify, and he then refused or was unable to respond to questioning. Appellant did not move to strike the witnesses' testimony of the child's out-of-court statements.

1. Appellant enumerates as error the trial court's allowing the State's witnesses to testify as to these statements, since OCGA § 24-9-5 (b) does not apply to acts alleged to have occurred prior to the effective date of the 1989 amendment, and under prior law the child was not a competent witness.

The State argues that appellant waived his objection to the witnesses' testimony by failing to object to the introduction of their testimony when it was introduced and by failing to make a motion to strike their testimony after it was introduced.

I agree that appellant waived his objection to the State's wit-

nesses' testimony concerning the child's out-of-court statements. A failure to object to the admission of evidence at trial constitutes a waiver precluding the party from complaining of the admission of the evidence on appeal. E.g., *Herrin v. State*, 230 Ga. 476, 477 (1) (197 SE2d 734) (1973). As stated in *Yarbrough v. State*, 151 Ga. App. 474, 475 (2) (260 SE2d 369) (1979): "It is well settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. [Cits.]"

There is an exception. Where, as here, evidence is admitted without objection, but it later appears that the evidence is inadmissible, in order to contest the admissibility of the evidence on appeal the complaining party must make a motion to strike the evidence or rule it out at trial. *Taylor v. State*, 174 Ga. App. 900, 901 (3) (331 SE2d 920) (1985). Appellant failed to do this also. Thus there is no ruling of the trial court on which to register a complaint.

2. Appellant enumerates as error the court's failure to instruct the jury to disregard this testimony.

After the jury charge was given, the trial court asked if there were any objections to it. Appellant stated that there was none. See generally *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980).

Failure to object to a jury charge in a criminal case constitutes a waiver except where, under OCGA § 5-5-24 (c), " 'there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not.' *Maynard v. State*, 171 Ga. App. 605 (320 SE2d 806) (1984)." *Barnett v. State*, 178 Ga. App. 685, 686 (1) (344 SE2d 665) (1986); see *Crawford v. State*, 254 Ga. 435, 438-439 (n. 4) (330 SE2d 567) (1985). In order to satisfy this standard, appellant must show that "the allegedly erroneous charge was blatantly prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. (Cits)." *Maynard v. State*, supra at 606 (2). "[N]othing is presented for consideration on appeal unless . . . a gross miscarriage of justice attributable to [the jury charge] is about to result." *Foskey v. State*, 116 Ga. App. 334, 336 (157 SE2d 314) (1967).

This case is unlike the following cases in which omissions in the jury charge were found to be substantially in error and harmful as a matter of law: *Barnett v. State*, supra (the trial court failed to instruct the jury to disregard inadmissible evidence of the defendant's character or conduct in other transactions); *Phelps v. State*, 192 Ga. App. 193 (1) (384 SE2d 260) (1989) (the defendant was charged with burglary with intent to commit rape, and the trial court failed to define the crime of rape in its charge to the jury and made gratuitous references to irrelevant matters); *Christopher v. State*, 190 Ga. App. 393, 397-398 (6) (379 SE2d 205) (1989) (the nature of the charge possibly authorized a conviction for a crime not charged); *Laney v. State*,

184 Ga. App. 463, 466-467 (2) (361 SE2d 841) (1987) (the defendant's defense was justifiable homicide based on the use of force necessary to prevent a forcible felony, and the trial court failed to define the forcible felony at issue which was robbery).

The court was not required to charge the jury to disregard evidence which was not objected to nor sought to be excluded by the defendant. Although he had a right to its exclusion because the child was not "available to testify," which is a condition for the admission of the hearsay under OCGA § 24-3-16, he did not avail himself of the right. The court was not obligated to step in and provide a modicum of the protection that right affords by instructing the jury, after it heard three different witnesses report the child's statements to them without objection, that this should be entirely disregarded. Unlike the totally irrelevant and inflammatory evidence of character which marred the fairness of the trial in *Barnett*, supra, the evidence in this case was relevant and, under OCGA §. 24-3-16, probative of the issues.

This case points up a failing of the *Sosebee*, supra, procedure, which assumes the competency and availability of the child victim. If the hearsay is admitted before the child is called, the prerequisite for allowing the hearsay may be found wanting, prompting a demand for exclusion of the hearsay. This unnecessarily creates the problem of erasing from attentive minds indelible marks which have been made upon them by a facile "don't consider" directive. All of this can be avoided by establishing admissibility first, out of the jury's presence and, if the condition is satisfied, then calling the child for examination and cross-examination at whatever time is appropriate. The foundation for the hearsay should first be laid.

3. Appellant argues that the witnesses' testimony concerning the child's out-of-court statements constituted inadmissible hearsay without any probative value, and the verdict of guilty is therefore without evidence to support it.

Under the circumstances in which they were made, the out-of-court statements of the child bore sufficient indicia of reliability so as to be admissible in evidence in accordance with *Idaho v. Wright*, 497 U. S. ___ (110 SC 3139, 111 LE2d 638) (1990). There were two such independent statements, the first being initially spontaneous, and the second being consistent with the first. All were made to authority figures, and the one to the mother was made to a person towards whom the child would naturally have confidence and trust as well as a fear of punishment. There was no motive to fabricate. In addition, the graphic nature and details of the statements and the visual accuracy when being interviewed by the caseworker contribute to reliability. So did the fact of defendant's having had frequent access and opportunity with the victim, before the statements were made. These, and other circumstances surrounding the making of each statement "pro-

vide sufficient assurance that the statement is trustworthy." *Idaho v. Wright*, supra, 111 LE2d at 655. Therefore, it cannot be said that these statements are "without any probative value." Compare *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980); *Glisson v. State*, 188 Ga. App. 152, 155 (2) (372 SE2d 462) (1988). The United States Supreme Court implicitly accepts the probative value of certain hearsay statements by an unavailable witness in allowing such as non-violative of the Confrontation Clause. See *Idaho v. Wright*, supra, 58 LW at 5038, citing *Bourjaily v. United States*, 483 U. S. 171, 182 (107 SC 2775, 97 LE2d 144) (1987), and *Maryland v. Craig*, 497 U. S. ___ (110 SC 3157, 111 LE2d 666) (1990).

Although they are not factors in the test of reliability, appellant's two independent confessions to the crimes confirmed the truth of what was related in the statements. The confession constituted direct evidence of guilt. *Fields v. State*, 232 Ga. 723 (2) (208 SE2d 822) (1974). The statements were adequate corroboration of the confessions, as required by OCGA § 24-3-53. The evidence is sufficient to satisfy the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED MARCH 15, 1991 —
REHEARING DENIED MARCH 29, 1991 —

*Lane, Tucker & Crowe, Robert L. Crowe*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Stephen D. Kelley, Assistant District Attorneys*, for appellee.

