A95A1157. EARLY v. THE STATE.
(463 SE2d 706)

ANDREWS, Judge.

Thomas Early appeals, pro se, from the denial of his motion for j.n.o.v. and motion for new trial after a jury verdict finding him guilty of one count of aggravated child molestation and three counts of child molestation. We affirm in part and reverse in part.

Early was indicted and tried on one count of aggravated child molestation, four counts of child molestation, and one count of cruelty to children. The jury found him guilty on the one count of aggravated child molestation and three counts of child molestation. The trial court sentenced him to five years each on Counts 1 and 2, to run consecutively, and five years each on Counts 3 and 6, to run concurrently.

Early filed a motion for j.n.o.v. and motion for new trial claiming the jury charge on the statute of limitation was erroneous and ineffective assistance of counsel. On July 20, 1994, the trial court denied the motion for new trial on all grounds, and this appeal followed.

1. In his first enumeration of error, Early contends that the trial court erred by charging the jury with an incorrect statement of law

regarding the statute of limitation. The court charged the jury as follows: "Now, in this case, the state is required to prove to you beyond a reasonable doubt the acts charged in this indictment were committed by the Defendant within seven years prior to the date the indictment was returned into this Court."

Early was indicted on April 1, 1993, and the counts under which he was convicted were as follows: Count 1 alleged aggravated child molestation between October 1, 1986, and April 6, 1992; Counts 2 and 3 alleged child molestation between October 1, 1986, and April 6, 1992; and Count 6 alleged child molestation from November 1, 1986, through December 31, 1986. Prior to July 1, 1987, OCGA § 17-3-1 provided that the statute of limitation for child molestation was four years. However, effective July 1, 1987, the time changed to seven years, but only as to those offenses committed after July 1, 1987. Early contends the charge was clearly erroneous as to Count 6, and he also claims that it was erroneous as to the other counts as well because the only specific incidents testified to at trial all occurred before December 1986.

After giving the jury charge, the court inquired whether defense counsel had any objections, and counsel stated that he did not. This failure to object in a criminal case constitutes a waiver unless there has been substantial error which was harmful as a matter of law. OCGA § 5-5-24 (c); *Barnett v. State*, 178 Ga. App. 685, 686 (344 SE2d 665) (1986). The test is whether the charge was so blatantly apparent and prejudicial that it raises the issue as to whether or not the defendant received a fair trial. *Maynard v. State*, 171 Ga. App. 605, 606 (320 SE2d 806) (1984).

There is no doubt that the statute of limitation as to the act alleged in Count 6 was only four years. While the State concedes that the charge was erroneous as to Count 6, it contends that the statute of limitation is a waivable defense and since counsel did not object at trial to the charge, the issue was not preserved for appeal.

In Georgia, there is "no absolute bar to a defendant's waiver of the protection afforded him by the statutes of limitation." *State v. Barrett*, 215 Ga. App. 401, 405 (451 SE2d 82) (1994). However, after determining that a defendant may waive the statute of limitation, the inquiry then becomes whether the waiver was effective. *Barrett*, supra at 406. The court in *Barrett* determined that the waiver was effective because it "was knowingly and voluntarily made." *Barrett*, supra.

Here, the waiver was not knowingly or voluntarily made. The trial judge, the prosecutor, and defense counsel all seem to have been mistaken as to the correct statute of limitation. Therefore, the issue here is not waiver as it appears in the case law cited above, but rather, more closely resembles those cases in which the court's charge to the jury is a clear misstatement of applicable law. See *Jackson v.*

*State*, 205 Ga. App. 513, 515 (422 SE2d 673) (1992).

Not only was there clear error in the charge as to Count 6, this error was also harmful as a matter of law since the jury could not have found Early guilty under Count 6 if the correct charge had been given. Accordingly, the judgment of the court sentencing Early to five years on Count 6 is hereby vacated, and this case is remanded to the trial court.

We decline to review the charge under OCGA § 5-5-24 (c) as to the other counts. Not only did counsel not object to the charge, he specifically acquiesced in the charge. In addition, there was testimony at trial of an ongoing pattern of molestation that spanned a period of time well into the seven-year statute of limitation. Thus, the charge was not blatantly apparent as to the other counts, nor do we find that it was harmful as a matter of law. *Maynard*, supra.

2. Next, Early argues that even if the charge on the statute of limitation is not reviewable under OCGA § 5-5-24 (c), he received ineffective assistance of counsel because defense counsel did not object to the erroneous jury charge on the statute of limitation. We need not address counsel's failure to object to the charge as it relates to Count 6 since we reviewed the charge under OCGA § 5-5-24 (c) and the judgment on Count 6 has been reversed. As to Early's claim that counsel was ineffective for failing to object to the statute of limitation charge on the other counts, we find that this was not ineffective assistance. As previously stated, there was testimony at trial that the acts alleged under the remaining counts were part of an ongoing pattern of molestation up until 1992. Further, although the trial court's order denying Early's motion for new trial on all grounds states that a hearing was held on the motion on July 19, 1994, we have ascertained that the hearing was not transcribed. Accordingly, we are unable to address this enumeration because we have no transcript of the hearing in the record. "Absent a transcript, we must assume the ruling of the trial court is supported by the evidence." (Citation and punctuation omitted.) *Jackson v. State*, 205 Ga. App. 827, 829 (424 SE2d 6) (1992).

3. We find the remaining enumerations of error to be without merit.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 18, 1995 —<br>RECONSIDERATION DENIED NOVEMBER 1, 1995.

Thomas A. Early, *pro se.*

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.