## A99A1684. MILLER v. THE STATE.
### (522 SE2d 519)

McMurray, Presiding Judge.

Defendant was found guilty by a jury of aggravated assault (Count 1) and battery (Count 2). He appeals from the judgment of conviction and enumerates as error the trial court's: (1) failure to declare a mistrial after the State injected extrinsic evidence of bad character; (2) failure to declare a mistrial after an allegedly burden-shifting closing argument by the State's attorney; and (3) failure to charge the jury on battery under OCGA § 16-5-23.1, as alleged in the indictment. *Held*:

1. Defendant contends that the trial court should have declared a mistrial arguing that evidence of his bad character was introduced through two of the State's witnesses.

On cross-examination, the battery victim, Louise Jones, was asked, "[Do] you consider yourself to be [defendant's] common law wife?" Jones replied, "Yes, Sir, I was till he started beating on me. When he started beating on me —." On direct examination later in the trial, Lucinda Barnes recalled the verbal exchange between the battery victim (her daughter) and defendant in Barnes' backyard as follows, "I was raking the leaves. I was just raking. [Defendant] jumped over the fence and he grabbed Louise; [and said], 'Come on, you're going home with me.' She said, 'No, I'm not.' She said, 'I'm tired of you beating me all the time.' "

The trial court denied trial defense counsel's motions for mistrial but immediately ordered Jones' testimony accusing defendant of beating her and Barnes' hearsay testimony to such effect stricken from the record and instructed the jury at length to disregard the testimony.

On appeal, defendant argues that: (1) the curative instructions given by the trial court were inadequate to cure complained-of testimony of defendant's bad character because each emphasized the prejudicial nature of the testimony; and (2) the objectionable testimony was intentionally given in that it was unresponsive to any question propounded. The trial court's curative instructions described the offending testimony as "highly prejudicial" and "obviously prejudicial," in directing the jury to give such testimony no consideration. In our view, this was proper as an appropriate explanation of the law prompting the charge. See *Emory Univ. v. Lee*, 97 Ga. App. 680, 697 (4) (104 SE2d 234) (the purpose of the charge is to state and explain the law, not to carry on a process of general reasoning). We need not determine whether witnesses Jones and Barnes intentionally gave prejudicial testimony going to matters beyond the questions put to them. It is enough that the trial court excluded their extraneous remarks and gave immediate and appropriate curative instructions

in each situation. This was sufficient to remove any prejudicial impression arising from the unsolicited testimony of witnesses Jones and Barnes concerning Jones' prior difficulties[1] with defendant. *McKibbons v. State*, 226 Ga. App. 452, 453-454 (2) (486 SE2d 679); *Marlowe v. State*, 162 Ga. App. 37-38 (1) (290 SE2d 136).

2. Defendant claims that the trial court erred in denying his motion for mistrial upon the ground that the State's attorney made a "burden shifting" statement in his closing argument, impermissibly commenting upon the defendant's failure to testify.

During closing argument the prosecutor stated: "[T]he only evidence in this case is the State's evidence. The defense has the subpoena powers. They're able to bring witnesses, but they have not." Thereafter, defendant moved for a mistrial on the ground that the statement was an improper comment on defendant's failure to testify at trial. The trial court denied the motion and immediately issued a curative instruction to the jury wherein the court admonished the State's attorney for making the statement in that "we have established that the State has brought to this courtroom every known witness to this incident[,]" and instructed the jury to disregard the statement and give it no part in their deliberations. Defendant did not object or renew his motion for a mistrial after such instruction was given, and so failed to preserve the issue for appeal. *Jones v. State*, 221 Ga. App. 374, 375 (2) (471 SE2d 318). Consequently, this enumeration of error presents nothing for review. Even were there no waiver, " '[w]e view the remarks to be a permissible comment on defendant's failure to adduce evidence rebutting the State's evidence. [Cits.]' " *Williams v. State*, 200 Ga. App. 84, 86 (3) (406 SE2d 498). This is neither burden shifting nor an impermissible comment on defendant's failure to testify. See *McGee v. State*, 260 Ga. 178, 179 (4) (391 SE2d 400).

3. In his last enumeration of error, defendant correctly contends the trial court erred in charging the jury on "battery" (Count 2) by using the OCGA § 16-5-23 definition of simple battery,[2] rather than charging battery as defined at OCGA § 16-5-23.1 (a), as alleged in the

---

[1] Inasmuch as the State did not seek to introduce this evidence and the trial court excluded the same, its admissibility is not in issue. See *Wall v. State*, 269 Ga. 506, 508-510 (2) (500 SE2d 904), wherein the Supreme Court of Georgia,

noted the sufficient probative connection between evidence of the victim[ ] and the defendant's prior difficulties and the crime with which the defendant is charged. [Cits.] . . . [Although the] trial court [need not] conduct a pre-trial hearing . . . before evidence of prior difficulties between the defendant and the victim can be admitted at trial . . ., the admission of such evidence should be accompanied by an instruction from the trial judge explaining the limited use to which the jury may put such evidence. *O'Toole v. State*, 258 Ga. 614 (6) (373 SE2d 12) (1988); *Kettman v. State*, 257 Ga. 603 (7) (362 SE2d 342) (1987).

[2] The record reflects that the trial court gave this charge at the request of the State.

indictment. When the trial court asked if there were any "objections, exceptions, or suggestions . . . to the charge[, there were] [n]one from the defense."

In the face of direct inquiry by the trial court,

> [f]ailure to object to a jury charge in a criminal case constitutes a waiver except where, under OCGA § 5-5-24 (c), there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made or not. *Maynard v. State*, 171 Ga. App. 605 (320 SE2d 806) (1984); *Barnett v. State*, 178 Ga. App. 685, 686 (1) (344 SE2d 665) (1986); see *Crawford v. State*, 254 Ga. 435, 438-439, n. 4 (330 SE2d 567) (1985). In order to satisfy this standard, appellant must show that "the allegedly erroneous charge was blatantly apparent and prejudicial to the extent that it raises a question whether he has been deprived, to some extent, of a fair trial. (Cits.)" *Maynard v. State*, supra at 606 (2). "(N)othing is presented for consideration on appeal unless . . . a gross miscarriage of justice attributable to (the jury charge) is about to result." (Citations and punctuation omitted.) *Foskey v. State*, 116 Ga. App. 334, 336 (157 SE2d 314) (1967).

*Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558).

While the trial court erred in charging the wrong Code section, we conclude that no substantial harm resulted. The State's evidence showed that defendant knocked Jones down and dragged her across the yard,[3] doing injury to her knees. This is sufficient circumstantial evidence that visible bodily injury resulted. See *Spear v. State*, 270 Ga. 628, 629 (1) (513 SE2d 489) (conviction based on circumstantial evidence authorized when every reasonable inference and hypothesis except of guilt excluded by the evidence). Since this evidence meets the allegations in Count 2 of the indictment, there is no fatal variance. See *Mathis v. State*, 238 Ga. App. 218, 219-220 (2) (517 SE2d 578).

In our view, there is no reasonable probability that defendant was convicted of committing battery in a manner not charged in Count 2 of the indictment. Compare *Howard v. State*, 230 Ga. App. 437, 438 (2) (496 SE2d 532); *Levin v. State*, 222 Ga. App. 123, 126 (6) (473 SE2d 582). Consequently, we hold the error alleged in this enumeration presents nothing to review under OCGA § 5-5-24 (c). *Hawkins v. State*, 116 Ga. App. 448 (157 SE2d 800).

---

[3] The battery victim testified defendant dragged her "from the back to almost the front yard."

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 13, 1999.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.