A92A1019. JACKSON v. THE STATE.
(422 SE2d 673)

SOGNIER, Chief Judge.

Lynn Derek Jackson, Jr. was convicted of possession of cocaine with intent to distribute and sentenced to life in prison. He appeals.

1. In two enumerations of error appellant contends the State, in proffering evidence of a prior similar transaction, failed to comply with the requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) and *Stephens v. State*, 261 Ga. 467 (405 SE2d 483) (1991). Specifically, appellant maintains the State failed to establish either before the court during the pretrial hearing or before the jury during trial the purpose for which the evidence was offered. Since appellant raised no objection below on that ground, under the decision of this court in *Hunter v. State*, 202 Ga. App. 195, 196-198 (3) (413 SE2d 526) (1991), appellant is deemed to have waived these argu-

ments and we are precluded from considering these enumerations on appeal. The only objection appellant interposed at trial was that the proffered evidence was unduly prejudicial, which cannot be construed to encompass the issues presented on appeal. "If the argument that appellant advances in his brief had been raised in the form of an objection in the trial court, it is possible that *Stephens* and *Williams* might warrant a reversal of appellant's conviction. In the absence of such an objection, however, any discussion of *Stephens* and *Williams* in the instant case is inappropriate." *Hunter,* supra at 198 (3).

2. Appellant also contends that under *Gilstrap v. State,* 261 Ga. 798, 799 (2) (410 SE2d 423) (1991), the trial court abused its discretion by allowing the State to present evidence of the prior similar transaction before presenting its case in chief. Again, however, appellant did not raise this objection at trial. We conclude that the same rationale advanced in *Hunter,* supra at 196-198 (3), applies here, especially given that the Supreme Court noted in *Gilstrap* that objection was made at trial, and accordingly we must hold that this objection has been waived.

3. Appellant enumerates as error the trial court's instruction to the jury on the essential element of intent. Although he neither objected to this charge nor reserved objections at trial, appellant urges us to review this instruction pursuant to OCGA § 5-5-24 (c) on the ground that it was substantially erroneous and harmful as a matter of law. " 'To constitute harmful error within the meaning of (OCGA § 5-5-24 (c)), an erroneous charge . . . must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial.' [Cit.]" *Greenhill v. State,* 199 Ga. App. 218, 222 (404 SE2d 577) (1991). Upon review of the transcript, we agree with appellant that the challenged instruction falls within this standard. *Phelps v. State,* 192 Ga. App. 193, 195 (384 SE2d 260) (1989) (substantial errors in charge on essential elements "are usually harmful as a matter of law so as to invoke OCGA § 5-5-24 (c)").

In the jury instruction at issue, the trial court stated that "there is no requirement under the law that the State either allege or prove that the defendant had an intent to distribute cocaine." This statement of the law was incorrect, for the State must prove the essential element of specific intent to distribute in order to establish a charge of possession of a controlled substance with intent to distribute. *Talley v. State,* 200 Ga. App. 442, 446 (408 SE2d 463) (1991). Although the court did give the jury a general instruction as to how criminal intent may be shown, we find the charge as a whole did not clearly remove the confusion created by the challenged charge so as to indicate to the jury that the State was required to prove the essential element of intent, and accordingly the court's failure to instruct correctly on this essential element was reversible error. See *Phelps,*

supra.

Moreover, we do not agree with the State that the court's instruction was a mere verbal inaccuracy, resulting from a palpable slip of the tongue, that clearly could not have misled or confused the jury, see *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981), but instead find it was a clear misstatement of the applicable law, especially given that in the preceding sentence the court instructed that "[i]t is unlawful for any person to possess, have under their control, distribute or possess with intent to distribute cocaine." Taken together, these two sentences authorized the jury to conclude that they could convict appellant without finding that the State had proved all the essential elements of the charged crime beyond a reasonable doubt. See *Wilson v. State*, 215 Ga. 672, 675 (3) (113 SE2d 95) (1960); compare *Gober*, supra at 655-656 (3).

"Therefore, we conclude that without a proper instruction on the [requirement that the State prove specific intent to distribute], the charge was substantially in error, was harmful as a matter of law, and that appellant was deprived of his right to a fair trial. [Cit.] Accordingly, we are required by OCGA § 5-5-24 (c) to consider the error, [cits.], and we must reverse and order a new trial." *Phelps*, supra at 196 (1). Accord *Ancrum v. State*, 197 Ga. App. 819, 822 (2) (399 SE2d 574) (1990) (failure to give jury the proper guidelines for determining guilt or innocence is reversible error).

4. With regard to appellant's contention that the trial court erroneously precluded him from impeaching a State's witness with proof of a prior contradictory statement, we hold the court correctly excluded this testimony because appellant failed to lay the proper foundation with the witness he sought to impeach. *Sell v. State*, 156 Ga. App. 333, 335 (4) (274 SE2d 723) (1980) (must establish with witness to be impeached the time, place, person, circumstances, and substance of prior statement).

5. We need not address appellant's remaining enumerations of error because they either were not properly preserved by objection below or are unlikely to occur upon retrial.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 21, 1992.

*Toni M. Rodgers*, for appellant.

*Lewis R. Slaton*, District Attorney, *Nancy A. Grace*, Assistant District Attorney, for appellee.