A92A2437. LAWRENCE v. THE STATE.
(425 SE2d 411)

McMURRAY, Presiding Judge.

Defendant was convicted of possession of cocaine with intent to distribute and sentenced to life in prison. Following the denial of his motion for a new trial, defendant appealed. *Held*:

1. The trial court instructed the jury that "there is no requirement under the law that the State either allege or prove that the defendant had an intent to distribute cocaine." In *Jackson v. State*, 205 Ga. App. 513 (422 SE2d 673) (1992), this Court considered the very same charge and held: "This statement of the law was incorrect, for the State must prove the essential element of specific intent to distribute in order to establish a charge of possession of a controlled substance with intent to distribute. *Talley v. State*, 200 Ga. App. 442, 446 (408 SE2d 463) (1991). Although the court did give the jury a general instruction as to how criminal intent may be shown, we find the charge as a whole did not clearly remove the confusion created by

the challenged charge so as to indicate to the jury that the State was required to prove the essential element of intent, and accordingly the court's failure to instruct correctly on this essential element was reversible error." In light of our ruling in *Jackson v. State*, 205 Ga. App. 513, supra, we reverse defendant's conviction.

2. The trial court did not err in refusing to require the State to reveal the identity of the confidential informant inasmuch as he was not a participant in, or a witness to, the possession of cocaine with intent to distribute charge that was brought against defendant at the time of his arrest. *Johnson v. State*, 164 Ga. App. 501, 504 (4) (297 SE2d 38).

3. We need not address the remaining enumerations of error because they are unlikely to occur upon retrial.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 20, 1992.

*Toni M. Rodgers*, for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.