A05A1581. PEARSON et al. v. TIPPMANN PNEUMATICS, INC.
(627 SE2d 431)

BERNES, Judge.

This products liability action arises from the accidental shooting of Cody Pearson in the eye at short range with a loaded paintball gun manufactured by Tippmann Pneumatics, Inc. Cody and his parents in their individual capacities and as his guardian sued Tippmann for

negligence and strict liability.[1] At the conclusion of trial, the jury returned a special verdict finding Tippmann negligent, but further finding that Tippmann's negligence was not the proximate cause of Cody's injury. Appealing from the judgment entered on the jury verdict, plaintiffs contend that the trial court committed reversible error by giving incomplete and erroneous proximate cause instructions that confused the jury. For the reasons discussed below, we affirm.

The evidence adduced at trial reflects that on March 10, 2001, Ashton Ballesteros, Cody Pearson, and five other teenagers were playing paintball. They removed their safety protective equipment between games. While the teenagers were in the process of loading and unloading in order to play again, Ashton began "horseplaying." He picked up his paintball gun from the ground, pointed the gun in the direction of Cody while "striking a pose," and said, "Hey, Cody." Cody turned toward Ashton, and Ashton pulled the trigger, firing a paintball into Cody's eye. Ashton did not intend to shoot Cody; he had thought the safety on the gun was in the "safe" rather than the "fire" position. The gun fired by Ashton was manufactured by Tippmann.

At trial, plaintiffs' theory of the case was that the paintball gun was defective, unreasonably dangerous, and negligently designed because the gun's safety mechanism did not have a red band or other marking to indicate whether the gun was in the "safe" or the "fire" position. Plaintiffs attempted to show that if Tippmann had designed the gun with a clearly marked safety, Ashton would not have been confused about whether the safety was in the "safe" or the "fire" position, and would not have aimed and fired the gun at Cody. As such, plaintiffs contended that Tippmann's failure to properly design the gun was a proximate cause of Cody's injuries.

In contrast, Tippmann's theory was that the existence of a red band or other marking or label on the safety device would not have prevented the shooting. Tippmann presented evidence that Ashton made no effort to check the safety before he fired the paintball gun at Cody, although he knew how the safety worked based on past experience. Tippmann attempted to show that Ashton's conduct was grossly negligent because in aiming and shooting at Cody, Ashton failed to heed the warnings he had read in the gun's instruction manual and that he had received as a Boy Scout and Eagle Scout, failed to look at the safety device or manually confirm whether it was engaged, and acted in a "bazaar" [sic] and "careless" manner. Thus, Tippmann argued that even assuming it negligently and defectively

---

[1] Plaintiffs also sued the individual who fired the shot for negligence but settled with him during the course of trial.

designed the gun, its conduct did not proximately cause Cody's injuries based on the intervening act of Ashton.

At the conclusion of the trial, the trial court charged the jury with numerous separate instructions, including the following instructions dealing with proximate cause and foreseeability:

> Proximate cause is that which in the natural and continuous sequence unbroken by other causes produces an event and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes as distinguished from remote, that which stands last in causation not necessarily in time or place but in causal relation. Proximate cause requires a showing by the Plaintiffs that the Defendant's negligence was a factor in bringing about the loss. Where several negligent acts may have produced Plaintiff's injury, to be considered proximate cause an individual Defendant's tortious conduct must constitute a contributing factor in bringing about the Plaintiffs' damages.

> . . .

> Now, Georgia law provides that a Defendant may be held liable for an injury when that person commits a negligent act which puts other forces in motion or operation which results in the injury when such other forces are the natural and probable result of the act which the Defendant committed and which reasonably could have been foreseen by the Defendant. When the injuries could not reasonably have been foreseen as the natural, reasonable, and probable result of the original negligent act, then there can be no recovery.

The jury began its deliberations. However, shortly thereafter, the jury submitted a note to the trial court with the following question:

> In layman's terms, if possible, explain proximate cause[.] We are confused as to how a natural and continuous sequence, unbroken by other causes, is to be constructed by us. We don't understand and cannot agree on how to do this.

Attached to the jury's note was a copy of the jury instruction on proximate cause given by the trial court, with part of the instruction underlined for emphasis: "Proximate cause is that which is nearest in

the order of responsible causes *as distinguished from remote, that which stands last in causation not necessarily in time or place but in causal relation."*

After the jury submitted its question, the trial court had the parties submit proposals for recharging the jury and then recharged in relevant part:

> . . . I'm going to read to you what we found and what I think is the correct statement of proximate cause and joint proximate cause. I'm going to give these charges to you and let you take them out and let you continue to your deliberations.
>
> Now, where two or more causes operate or happen together in bringing about an injury, there can be a recovery against one or all of the responsible parties. The mere fact that the injury would not have been sustained if only one of the acts of negligence had occurred does not of itself prevent or limit the other act from constituting the proximate cause. If all acts of negligence contributed directly together in bringing about the injury, they together constitute the proximate cause.
>
> The proximate cause of an injury may be two separate and distinct acts of negligence of different persons. Where two acts of negligence operate in bringing about the injury, the person injured may recover compensation for the entire loss from either or both of the persons responsible.
>
> Now, a Plaintiff may sue either of two persons whose negligence contributes to the cause of the injury. He may do so even though one of the Defendants who is sued owes the Plaintiff a higher degree of care, and even though there are differing degrees of negligence by each of the Defendants. The proximate cause of an injury may be two separate and distinct acts of negligence of different persons or may be the combination of different acts of negligence by different persons.
>
> The requirement of proximate cause constitutes a limit on legal liability. It is a policy decision that for a variety of reasons the Defendant's conduct and the Plaintiff's injury are too remote for the law to allow recovery. Although many legal scholars have attempted to lay down a single standard to determine proximate causation, no satisfactory universal formula has emerged. Instead proximate cause is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent.

　　　　With that said, you[ ] have asked the Court to explain how "a natural and continuous sequence, unbroken by other causes, is to be construed by us." If subsequently to an original wrongful or negligent act a new cause has intervened of itself sufficient to stand as the sole cause of the misfortune, the original act must be considered as too remote. If the cause is too remote, it was not the proximate cause.

　　After further deliberation, the jury submitted another note, indicating that they were deadlocked on the issue of proximate cause. In response, the trial court gave the jury an *Allen* charge,[2] after which the jury returned with a verdict. On the special verdict form, the jury answered "Yes" to the question of whether Tippmann "was negligent in its design of or warnings given with the subject paintball gun." The jury answered "No" to the question of whether "said negligence . . . was a proximate cause of the Plaintiff's injuries."

　　On appeal, plaintiffs' sole claim of error is that the trial court improperly charged and recharged the jury on proximate cause. In reviewing plaintiffs' claim, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation and punctuation omitted.) *Stephens v. Hypes*, 271 Ga. App. 863, 865 (610 SE2d 631) (2005). "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." (Citation and punctuation omitted.) *Birge v. State*, 143 Ga. App. 632, 639 (11) (239 SE2d 395) (1977). See also *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 228 (1) (547 SE2d 637) (2001); *Nails v. Rebhan*, 246 Ga. App. 19, 22 (3) (538 SE2d 843) (2000). "Moreover, where the charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence." (Citations and punctuation omitted.) *Harper v. Samples*, 164 Ga. App. 511, 515 (5), (6) (298 SE2d 29) (1982).

　　Here, plaintiffs contend that by failing to give or substantially give their multiple requests to charge dealing with proximate cause, the trial court gave an inadequate and confusing charge and recharge. Specifically, plaintiffs argue that by omitting their requested charges dealing with concurrent negligence, joint proximate cause, and combined negligence, the trial court's charge and recharge misled and confused the jury by indicating that there could be only one proximate cause of Cody's injuries, and that the single proximate

---

[2] See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

cause had to be the action that was nearest in time to the injury (i.e., Ashton's conduct in shooting the gun toward Cody). We disagree.

Adopting language from plaintiffs' Request to Charge No. 17, the trial court specifically instructed the jury that even if multiple parties commit negligence in a given case, a defendant's negligence can be found to be the proximate cause if it "constitute[d] a *contributing factor* in bringing about the [p]laintiff's damages."[3] (Emphasis supplied.) The trial court further charged that an act proximately causes a plaintiff's damages if it "stands last in causation *not necessarily in time or place* but in causal relation." (Emphasis supplied.) Moreover, after the jury raised a question concerning the meaning of proximate cause, the trial court emphasized several times in its recharge the concepts of combined negligence and "joint proximate cause." In this regard, the trial court explicitly pointed out, among other things, that "[i]f all acts of negligence contributed directly together in bringing about the injury, they together constitute the proximate cause," and that "[t]he proximate cause of an injury may be two separate and distinct acts of negligence of different persons or may be the combination of different acts of negligence by different persons." Taken in context and as a whole, the charge and recharge were unlikely to confuse or mislead the jury into believing that only the last action nearest in time to the injury could serve as the proximate cause. The charge and recharge on proximate cause, if "torn asunder and considered [in] disjointed fragment[s] may be objectionable, [but] when put together and considered as a whole, [were] perfectly sound." *Jones v. Tyre,* 137 Ga. App. 572, 573 (1) (224 SE2d 512) (1976).

In a related argument, plaintiffs assert that the trial court erred by omitting the word "concurrent" from the jury charge and recharge on proximate cause, which they contend caused the jury to be confused over how to apply proximate cause when there are multiple parties involved in causing the victim's injury. Plaintiffs' Request to Charge No. 11 contained a reference to "concurrent" acts or causes, but plaintiffs did not except to the trial court's failure to charge the jury on that written request after the jury was charged or recharged. "In civil cases, exceptions or objections to charges must be made after

---

[3] Plaintiffs' Request to Charge No. 17 provided:
PROXIMATE CAUSE
 Proximate cause requires a showing by the plaintiffs that the defendants' negligence was a factor in bringing about their losses. Where several negligent acts may have produced plaintiffs' injuries, to be considered the proximate cause of the injuries suffered, an individual defendant's wrongful, negligent, or careless conduct need only be a contributing factor in bringing about the plaintiff's damages for the requirement of proximate cause to be satisfied. The conduct does not need to be the sole or only cause of the damages suffered.

the jury is charged and before the verdict; objections made at charging conferences before the charge is given do not preserve charging issues for appellate review." (Citations omitted.) *Vaughn v. Metro. Property & Cas. Ins. Co.*, 260 Ga. App. 573, 577 (9) (580 SE2d 323) (2003). See also *Golden Peanut Co.*, 249 Ga. App. at 231-236 (2). Thus, pursuant to OCGA § 5-5-24 (b), plaintiffs have waived their objection to the trial court's failure to give their requested written charge on concurrent causes. See *Golden Peanut Co.*, 249 Ga. App. at 231-236 (2).

In any event, even if plaintiffs had not waived their objection, it would not change the result on appeal. Although the trial court's charge and recharge did not use the word "concurrent," other language in the charge and recharge, discussed supra, substantially covered the principles of causation that plaintiffs sought to have the trial court explain to the jury. Hence, it is unlikely that the trial court confused or misled the jury when it chose not to give the plaintiffs' requested instruction that specifically referred to "concurrent" causes.

Finally, plaintiffs contend that the trial court did not adequately instruct the jury on the principle that an intervening act of a third party fails to cut off an initial wrongdoer's liability if the character of the intervening act was reasonably foreseeable to the wrongdoer. While the trial court's initial charge did in fact include an instruction on foreseeability, plaintiffs assert that the instruction was misleading and did not adequately convey the principle at stake.

Significantly, none of plaintiffs' written requests to charge contained the same foreseeability language now advocated as essential, and plaintiffs never excepted to the trial court's proximate cause instructions on this distinct ground after the jury was charged or recharged. When a litigant's objection is that the trial court failed to give an *unrequested* charge, OCGA § 5-5-24 (a) applies and the litigant is required to "state distinctly the ground[ ] for [the] objection" after the charge is given but before the jury renders its verdict. *Golden Peanut Co.*, 249 Ga. App. at 232 (2). See also *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 14-17 (2) (195 SE2d 417) (1973); *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 856-857 (3) (360 SE2d 415) (1987) (whole court). This, plaintiffs failed to do. It follows that, pursuant to OCGA § 5-5-24 (a), plaintiffs procedurally waived any objection they might have had to the trial court's purported failure to give an adequate charge or recharge on the foreseeability of an intervening act.

Nevertheless, plaintiffs contend that even assuming that they did not properly object, appellate review is still necessary because the alleged failure to give a complete instruction on foreseeability constituted substantial error under OCGA § 5-5-24 (c). Irrespective of whether a litigant fails to timely and adequately object to a defect in

a jury charge, appellate courts will consider and review the defect pursuant to OCGA § 5-5-24 (c) if it constitutes "a substantial error blatantly apparent and prejudicial, resulting in a gross miscarriage of justice." *Moody v. Dykes*, 269 Ga. 217, 219 (3) (496 SE2d 907) (1998). See also *Community Bank v. Handy Auto Parts*, 270 Ga. App. 640, 645 (3) (607 SE2d 241) (2004). "But, even the review of substantial error under OCGA § 5-5-24 (c) is not available when the giving of an instruction, or the failure to give an instruction, is induced during trial by counsel for the complaining party or specifically acquiesced in by counsel." *Moody*, 269 Ga. at 219-220 (3).

We conclude that OCGA § 5-5-24 (c) is not applicable in this case because plaintiffs induced any alleged error. As previously noted, plaintiffs submitted multiple written requests to charge pertaining to proximate cause, but none of them contained the specific foreseeability language that plaintiffs now claim was essential to avoid confusion. And, notably, plaintiffs included among their requests to charge on proximate cause an additional charge entitled "Foreseeability" that covered the same principles as the foreseeability charge given by the trial court in this case, while omitting language explicitly making reference to the foreseeability of intervening acts — language that plaintiffs now assert was necessary to avoid misleading the jury and to adequately instruct the jury on proximate cause. See plaintiffs' Request to Charge No. 15. At the charge conference, the trial court stated that it would not give plaintiffs' Request to Charge No. 15 but would cover the identical principles in its own pattern charge, and plaintiffs did not object. Following the trial court's charge to the jury, plaintiffs raised several exceptions, none of which pertained to the court's foreseeability charge. Finally, after the jury posed its proximate cause question to the trial court, plaintiffs did not request that the trial court recharge on foreseeability or that the trial court expand or elaborate upon its previous foreseeability instruction.

Having invited any alleged error through their own proposed charge on foreseeability and their subsequent failure to raise any objections relating to foreseeability when the trial court gave its charge and recharge, plaintiffs are not entitled to appellate review under the extraordinary exception to waiver set forth in OCGA § 5-5-24 (c). See *Courrier v. State*, 270 Ga. App. 622, 625-626 (2) (607 SE2d 221) (2004) (party induced and acquiesced to charge, when he submitted charge to trial court containing same language now complained of); *Queen v. Lambert*, 259 Ga. App. 385, 388 (3) (577 SE2d 72) (2003) (when party requested the charge complained of, that party induced and acquiesced in the charge). "A party will not be heard to complain of error induced by his own conduct, nor to complain of

errors expressly invited by him during the trial of the case." (Citation and punctuation omitted.) *Thrash v. Rahn*, 249 Ga. App. 351, 352 (2) (547 SE2d 694) (2001).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 23, 2006 — 

*Warshauer, Thomas, Thornton & Rogers, Michael J. Warshauer, Lyle G. Warshauer, Steven R. Thornton*, for appellants.

*McKenna, Long & Aldridge, Jonathan R. Friedman*, for appellee.