S06G1139. PEARSON et al. v. TIPPMANN PNEUMATICS, INC.
(642 SE2d 691)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Pearson v. Tippmann Pneumatics*, 277 Ga. App. 722 (627 SE2d 431) (2006), to determine whether that court properly applied induced error in its analysis of appellants' claim of substantial error in the jury charge. See OCGA § 5-5-24 (c). For the reasons that follow, we reverse.

Appellants Cody Pearson and his parents, Tamara and Andrew Pearson, filed a civil action against appellee Tippmann Pneumatics, Inc. and 16-year-old Ashton Ballesteros seeking damages for personal injuries Cody received in a shooting accident. Cody was injured when Ballesteros, mistakenly believing the safety mechanism was engaged, pointed a paint ball gun at Cody and pulled the trigger, striking Cody in the eye. Appellants alleged in their complaint that the paint ball gun manufactured by Tippmann was defective and unreasonably dangerous because the gun's safety mechanism was

---

not properly marked to indicate whether the gun was in the "safe" or "fire" position and that both Tippmann and Ballesteros had been negligent. During trial, appellants negotiated a settlement with Ballesteros, and the case went to the jury solely on the issue of Tippmann's liability.

While deliberating, the jury submitted a written question asking the court to explain proximate cause in "layman's terms" because they were "confused as to how a natural [and] continuous sequence, unbroken by other causes, is to be constru[ed]."[1] The jury attached to the note the court's original charge on proximate cause, underlining language in the charge that distinguished proximate cause from "remote" by defining proximate cause as "that which stands last in causation; not necessarily in time or place but in causal connection."

Both parties submitted proposals for a recharge, with appellants offering an instruction containing specific examples of how the actions of multiple wrongdoers both can be deemed the proximate cause of an injury. The court rejected appellants' proposed recharge, choosing instead to recharge the jury on the principles of proximate cause and joint and concurrent negligence and adding the following language:

> The requirement of proximate cause constitutes a limit on legal liability. It is a policy decision that for a variety of reasons the defendant's conduct and the plaintiff's injury are too remote for the law to allow recovery. Although many legal scholars have attempted to lay down a single standard to determine proximate causation, no satisfactory universal formula has emerged. Instead proximate cause is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and precedent.

> With that said, you've asked the Court to explain how "a natural and continuous sequence, unbroken by other causes, is to be construed by us." If subsequently to an original wrongful or negligent act a new cause has intervened of itself sufficient to stand as the sole cause of the misfortune, the original act must be considered as too remote. If the cause is too remote, it was not the proximate cause.

---

[1] In its original charge, the court instructed the jury that
[p]roximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

The jury returned a special verdict finding Tippmann was negligent but that its negligence was not the proximate cause of Cody's injuries.

On appeal, appellants argued, inter alia, that the trial court erred by failing to accurately recharge the jury on the legal issues of proximate cause and foreseeability of an intervening act. The Court of Appeals did not address this enumeration of error on the merits. Instead, that court held that appellants waived the issue for appeal by failing to object to the court's recharge on this ground and that appellate review under OCGA § 5-5-24 (c) was not required because any alleged error was invited by appellants' failure to object. See OCGA § 5-5-24 (a) (no party may complain of giving or failure to give instruction unless he objects thereto before jury returns its verdict); OCGA § 5-5-24 (c) (appellate courts shall "review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made").

1. Appellants first argue that the Court of Appeals erred by holding that they waived their OCGA § 5-5-24 (c) challenge to the trial court's recharge under the doctrine of induced error. A party in a civil case generally must present written requests for jury instructions and complain of the giving or failure to give an instruction before the jury returns its verdict in order to preserve the issue for appeal. OCGA § 5-5-24 (a), (b). Notwithstanding subsections (a) and (b), OCGA § 5-5-24 (c) creates a substantial error exception and provides that even where there has been no objection to the charge as given, an appellate court may reverse a case because of an erroneous charge that is harmful as a matter of law.

The Court of Appeals in this case determined that appellants waived their objection to the trial court's recharge on proximate cause and intervening acts by failing to except to the recharge. The Court of Appeals also declined to reach the merits of appellants' argument that the trial court's incomplete charge fell within the rare exception to which OCGA § 5-5-24 (c) applies, holding instead that appellants induced the error by failing to object. As correctly recognized by the Court of Appeals, induced error based on a charge specifically requested by counsel or the acquiescence of counsel in the giving of a charge provides no ground for reversal under OCGA § 5-5-24 (c). See *Moody v. Dykes*, 269 Ga. 217 (496 SE2d 907) (1998); *Thomas v. State*, 245 Ga. 688 (6) (266 SE2d 499) (1980). In this case, however, the "induced error" consisted solely of appellants' alleged failure to request specific language which would have made the recharge accurate and to object to the absence of an instruction concerning the foreseeability of an intervening act. Thus, the acts the Court of Appeals held to have induced the error are the same acts excused by OCGA § 5-5-24 (c) when there is substantial error in the charge.

Under the Court of Appeals' application of the statute, OCGA § 5-5-24 (c) could never apply to a substantially erroneous charge because in every instance where it might apply, i.e., where the harmful charge is given due to a failure to request language or failure to object to the charge, the complaining party would be deemed to have induced the error. Such a construction is contrary to the clear language and intent of the statute. Accordingly, appellants' conduct cannot be deemed to have induced the alleged error and the Court of Appeals erred by not considering the merits of appellants' OCGA § 5-5-24 (c) claim.

2. The Court of Appeals further erred in its conclusion that appellants failed to object to the recharge on the challenged ground. It is clear from the record that both before and after the recharge was given, appellants' counsel objected on the grounds that the recharge was confusing, misleading, and contrary to the law inasmuch as it instructed the jury that even if Tippmann was negligent, its negligence was not the proximate cause of the injury if Ballesteros' negligence was sufficient in and of itself to have caused the injury. Appellants' objection clearly identified the paragraph of the recharge to which they were excepting and specified that the recharge was being challenged because it was contrary to Georgia law. That is all the law requires to preserve an objection for appeal. See OCGA § 5-5-24 (a) (objection shall state distinctly matter to which objection is made and grounds therefor and need only be as reasonably definite as circumstances will permit). Contrary to the Court of Appeals' opinion, appellants were not required to submit an alternate charge in order to preserve their objection. Id.

3. In the interest of judicial economy, we address the merits of appellants' claim of error in the recharge. Attempting to eliminate the jurors' confusion regarding the definition of proximate cause, the trial court gave a recharge which consisted in large part of verbatim language from the Court of Appeals' opinion in *Gray v. Elias*, 236 Ga. App. 799 (513 SE2d 539) (1999). The Court of Appeals determined in *Gray* that the trial court's failure to properly and completely define proximate cause was not reversible error because the case involved only one defendant and one causal factor and "did not involve evidence of multiple, intervening, or superseding causes or other factors that can render proximate cause an elusive concept." Id. at 802. The *Gray* court correctly recognized that absent evidence of multiple potential causes, the jury was left to determine only whether the defendant's action was the cause in fact of the plaintiff's injuries. Thus, under the facts of that case, the absence of a specific instruction defining proximate cause and its relation to other responsible causes did not render the jury instructions incomplete or inaccurate. Id. at 802-803.

In contrast to *Gray*, the case before us involved two defendants, each charged with contributing to Cody's injuries, and evidence of multiple causes in fact. Thus, if properly instructed, the jury here could have concluded that Cody's injuries were proximately caused by Tippmann's negligence, Ballesteros' negligence, or both. Instead, the trial court erroneously informed the jury that regardless of whether Ballesteros' intervening negligent act was reasonably foreseeable to Tippmann, if Ballesteros' negligence could, in and of itself, have caused Cody's injuries, then Tippmann's negligent act was "too remote" and could not be the proximate cause of such injuries. Because the recharge failed to accurately and completely instruct the jury on the legal principles of proximate cause and the foreseeability of intervening acts as applied to the facts of this case, and because it is clear from the proceedings and the question from the jury that these legal principles were the crux of appellants' case, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 19, 2007.

*Steven R. Thornton*, for appellants.

*McKenna, Long & Aldridge, Jonathan R. Friedman, McLendon W. Garrett*, for appellee.