## A07A1070. LAWYERS TITLE INSURANCE CORPORATION v. NEW FREEDOM MORTGAGE CORPORATION.

### (654 SE2d 190)

BERNES, Judge.

New Freedom Mortgage Corporation filed a contractual indemnification claim against Lawyers Title Insurance Corporation. The jury found in favor of New Freedom, and Lawyers Title appeals, challenging the jury instructions and the exclusion of certain evidence. For the reasons that follow, we reverse.

This Court recently issued a decision in a related case involving the same parties and similar facts and issues. See *Lawyers Title Ins. Corp. v. New Freedom Mtg. Corp.*, 285 Ga. App. 22 (645 SE2d 536) (2007), cert. denied, *New Freedom Mtg. Corp. v. Lawyers Title Ins. Corp.*, 2007 Ga. LEXIS 562 (July 12, 2007). In that case and the instant case, Lawyers Title issued a lenders title insurance policy to New Freedom in connection with a residential loan closing. Lawyers Title also issued an indemnification agreement to New Freedom — as New Freedom required for all loans — known as a "closing protection letter" ("CPL"). The CPL obligated Lawyers Title to indemnify New Freedom for actual losses incurred in connection with residential real estate closings arising out of, inter alia, (1) the issuing agent's or approved attorney's failure to comply with written closing instructions regarding the payment or collection of funds, or (2) "[f]raud or dishonesty of the [i]ssuing [a]gent or [a]pproved attorney in handling [New Freedom's] funds or documents in connection with such closings." The parties concede that the CPL was in effect and that its terms applied to the closing.

Construed in favor of the verdict, the evidence adduced at trial showed that the property sale at issue involved mortgage fraud with a significantly inflated property appraisal. The buyer defaulted on the loan, resulting in the foreclosure and sale of the property for significantly less than the appraised value as listed on the HUD-1 settlement statement, and this caused substantial losses to New

Freedom. The principal issue at trial was whether the actions of the closing attorney involved in the sale of the property at the inflated price — a lawyer with Brochstein & Bantley — required Lawyers Title to indemnify New Freedom for its losses under the CPL. The jury found that it did and awarded $308,242.55 to New Freedom. This appeal followed.

1. Lawyers Title contends that the trial court's charge to the jury regarding misrepresentation and concealment requires reversal. We agree.

The trial court charged the jury that

> *[m]isrepresentation of a material fact, if acted on by the opposite party, constitutes legal fraud where such misrepresentation — whether such misrepresentation was intentional or not.* If there is a willful misrepresentation of a material fact which was made to induce another person to act and caused that person to act and the person is injured, then the person who is injured has a right of action. Mere concealment of a fact, unless done in a manner to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. However, fraud or reckless misrepresentation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of a falsehood.

(Emphasis supplied.)

The trial court's charge is substantially the same as the misrepresentation charge given in the previous case, where we concluded that the charge was an inapplicable statement of the law. See *Lawyers Title Ins. Corp.*, 285 Ga. App. at 24-27 (1). Specifically, we held in that case that the statement in the charge that fraud could be established without proof of fraudulent intent was not tailored to the law and evidence, since the language of the CPL required proof of actual, rather than merely constructive, fraud. See id. The same reasoning applies here. Accordingly, we conclude that the trial court's misrepresentation charge was legally erroneous.

New Freedom nonetheless argues that, although Lawyers Title objected to the misrepresentation charge, it waived its right to appeal this issue by failing to specify the grounds of its objection as required by OCGA § 5-5-24 (a).[1] See *Queen v. Lambert*, 259 Ga. App. 385, 388

---

[1] OCGA § 5-5-24 (a) provides in part that "in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

(3) (577 SE2d 72) (2003). However, we must "consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c). "Substantial errors in the charge on the essential elements are usually harmful as a matter of law so as to invoke OCGA § 5-5-24 (c)." *Phelps v. State*, 192 Ga. App. 193, 195 (1) (384 SE2d 260) (1989), citing *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547) (1988). Likewise, erroneous jury charges on legal principles that go to the "crux" of the appellant's case are considered substantial and harmful as a matter of law. See *Pearson v. Tippmann Pneumatics*, 281 Ga. 740, 744 (3) (642 SE2d 691) (2007).

Here, the trial court erroneously charged the jury that an essential element of actual fraud — fraudulent intent — did not have to be proven. And, the question of fraudulent intent went to the crux of Lawyers Title's defense that it was not required to indemnify New Freedom under the language of the CPL. Specifically, Lawyers Title presented evidence that the Brochstein lawyer who handled the closing did not act with fraudulent intent, did not collude with the other wrongdoers, and complied with New Freedom's written closing instructions in good faith as he reasonably understood them. In contrast, New Freedom presented evidence that the Brochstein lawyer colluded with others to commit mortgage fraud, intentionally disregarded the written closing instructions in order to hide the fraud, and misrepresented information on the HUD-1 settlement statement for the same purpose. Under these circumstances, where the erroneous charge concerned legal principles central to Lawyers Title's defense, we conclude that the trial court's charge was substantially erroneous and harmful as a matter of law. See, e.g., *Lawrence v. State*, 206 Ga. App. 404-405 (1) (425 SE2d 411) (1992) (erroneous charge that element of intent did not have to be proven constituted substantial error requiring reversal); *Jackson v. State*, 205 Ga. App. 513, 514-515 (3) (422 SE2d 673) (1992) (same).

2. In five additional enumerations, Lawyers Title challenges the trial court's instructions to the jury regarding causation and confidential relationship, and argues that the trial court erred in excluding evidence of any other cause of New Freedom's loss in addition to that involving the closing attorney. Because we previously considered and rejected these arguments in *Lawyers Title Ins. Corp.*, 285 Ga. App. at 27-33 (2)-(4), we decline to readdress them here.

3. We will, however, address Lawyers Title's remaining enumeration of error because it is likely to recur during the retrial of the case. Lawyers Title contends that the trial court erred in instructing the jury that New Freedom "did not have a duty to mitigate or lessen its

damages." Notably, Lawyers Title does not maintain that the instruction was an incorrect statement of the law. Instead, it argues that it was not tailored to the evidence and therefore "confused the issues in the case and injected into the case issues not made by the pleadings or the evidence, harming [Lawyers Title]." We disagree.

After the closing, New Freedom assigned the loan to Impac Funding Corporation. After the borrower defaulted on the loan and the property had been foreclosed, New Freedom reimbursed Impac for the deficiency balance remaining on the loan after the property was sold. Before trial, the court ruled in limine that evidence of New Freedom's failure to mitigate its damages was irrelevant and inadmissible. However, Lawyers Title introduced evidence at trial that the property was sold for less than it was worth.

A trial court does not err in giving a jury instruction that accurately states the law and is supported by even slight evidence. See *Polite v. State*, 273 Ga. App. 235, 241-242 (8) (614 SE2d 849) (2005); *Ware v. Henry County Water & Sewerage Auth.*, 258 Ga. App. 778, 784 (7) (575 SE2d 654) (2002). Because the evidence at trial suggested that New Freedom's damages might have been inflated, we find no error in the trial court's mitigation instruction to the jury. See *Ware*, 258 Ga. App. at 784 (7); *Kroger Co. v. Strickland*, 248 Ga. App. 613, 616 (3) (548 SE2d 375) (2001).

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 9, 2007 —

*Nelson, Mullins, Riley & Scarborough, Jeffrey L. Mapen, Kenneth L. Millwood*, for appellant.

*Smith, Gambrell & Russell, Thomas M. Barton, Aaron P. M. Tady*, for appellee.

